JUDGE PETERS
delivered the opinion of the court:
Appellee brought this action against appellants, alleging that, in 1864, he loaned to Stuart Payne fifty dollars, which he promised to pay him again ; but that, soon after said loan was made, said Stuart Payne died intestate and childless; that no administration had been granted on his estate; but that appellant, Solomon Payne, took possession of all the effects and estate of decedent, which were more than sufficient to pay him his debt, interest, and costs, and claims the w'hole estate as heir-at-law of said intestate. That he had placed funds in the hands of *208 appellant, Alexander, which are a part of said intestate’s estate, more than enough to pay his demend; that said Solomon Payne is a non-resident, and appellee attached in the hands of Alexander so much as was necessary to pay him. Both defendants answered, and denied that intestate had borrowed the money of appellee, or that they had any knowledge or information on the subject; and allege that if he did in fact borrow the money at the date of the transaction, the lender and borrower were slaves, incapable of contracting, and that the alleged transaction was not legally binding, and that Stuart Payne died before the adoption of the Constitutional Amendment, by which slaves were emancipated. The action was tried in the quarterly court where it was instituted, and a judgment was rendered for appellee. An appeal was taken to the circuit court, where the judgment was affirmed, and from the last judgment an appeal is prosecuted to this court.
From the proof there can be no controversy as to the borrowing of the money by intestate; and it appears from the evidence that appellee and decedent were enlisted and put into the army of the United States in October, 18(54, by their then masters, or with their consent, they then being slaves, and Avere, at the date of the transaction, which caused this liligation, colored soldiers, mustered into the service of the United States; and if they thereby became free men, the judgment must be affirmed.
In Corbin vs. Marsh (2 Duvall, 193), the question involved was the constitutionality of the act of Congress for emancipating the wives and children of slaves volunteering as soldiers in the Federal army, and in that case a majority of this court decided that Congress had no such constitutional powmr. It was there admitted by *209 the court that the Federal Government had the power to take slaves into military service, as any other private property might be taken for any other public use; but the power to emancipate the soldier slave was denied; that, however, was said arguendo, as that question was not directly before the court for adjudication.
But the case now before the court is very different from the one referred to. Here the owner of Stuart Payne, at the time he entered the service, was examined as a witness, and proves that he and appellee were put into the service by their owners as substitutes, whether for their masters or for others, he does not state; but they went in, not only with the consent of the owners, but by their authority; and while they were received by the government, it cannot be said that jhey were taken from their owners in disregard of their rights; and by putting them in voluntarily, they thereby waived their right to compensation for their value, and emancipated them by their own acts; consequently, at the time the contract was made, the parties thereto were free and able to contract.
Prior to the institution of this action the appellant, Solomon Payne, had been emancipated by the Thirteenth Constitutional Amendment, and as such might sue and be sued.
Wherefore, the judgment must be affirmed.